# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

  Plaintiff,

v.

BALTIMORE CITY
STATE ATTORNEY OFFICE,
BALTIMORE CITY STATE ATTORNEY,

  Defendants.

Civil Action No.: ELH-18-3551

## MEMORANDUM

Plaintiff Alexander Jiggetts filed this civil rights complaint on November 13, 2018, together with a motion to proceed in forma pauperis (ECF 2), which shall be granted. In his complaint, Jiggetts challenges the constitutionality of plea bargaining and the denial of his Sixth Amendment right to a speedy trial in the case of *State v. Jiggetts*, Case No. 816180013 (Balt. City Cir. Ct. 2016).[1]

As noted, Jiggetts filed his complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful, however, of its obligation to liberally construe pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the well-pleaded factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal

---

[1] *See* http://casesearch.courts.state.md.us/inquiry

construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Jiggetts claims that it was unconstitutional for the State to negotiate a plea deal with a criminal defendant. Notably, he does not claim that his guilty plea was involuntary or otherwise invalid. Where a criminal defendant "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel," it is a denial of that defendant's constitutional right to conduct his own defense to impost counsel upon him. *Faretta v. California*, 422 U.S. 806, 835 (1975).

Recently, the Supreme Court has observed:

> A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered. *See, e.g., Haring* [*v. Prosise*, 462 U.S. 306, 320, (1983)] (holding a valid guilty plea "results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment"). Neither can the defendant later complain that the indicting grand jury was unconstitutionally selected. *Tollett* [*v. Henderson*, 411 U.S. 258, 266 (1973)].

*Class v. United States*, ___ U.S. ___, 138 S. Ct. 798, 805 (2018).

A valid guilty plea relinquishes rights related to the trial such as "the privilege against compulsory self-incrimination, the jury trial right, and the right to confront accusers, [but] they do not include 'a waiver of the privileges which exist beyond the confines of the trial.'" *Id*. (citing

*McCarthy v. United States*, 394 U.S. 459, 466 (1969); quoting *Mitchell v. United States*, 526 U.S. 314, 324 (1999)).

Jiggetts asserts that he was denied his Sixth Amendment right to a speedy trial. ECF 1. That right, like the right to a jury trial or the right to confront accusers, exists within the confines of the trial and is waived by a guilty plea. *See Barker v. Wingo*, 407 U.S. 514, 521 (1972) ("deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself.") Additionally, Jiggetts' trial was delayed because he was found not competent to stand trial and was involuntarily committed for purposes of treating an underlying mental health condition, so that he would later be able to understand the proceedings against him and assist in his own defense. *See Jiggetts v. State of Maryland.*, Civil Action JFM-15-2676 (D. Md. 2015) at ECF 2 (Memorandum dismissing case for failure to exhaust habeas petition).

In Jiggetts' case, there is no evidence of "[a] deliberate attempt to delay the trial in order to hamper the defense" which "should be weighted heavily against the government." *Barker*, 407 U.S. at 531. Rather, Jiggetts' lack of competence to stand trial represents "a valid reason" which "should serve to justify appropriate delay." *Id.*; *see also State v. Kanneh*, 403 Md. 678, 690 (Md. 2008) (finding delay in trial due to unavailability of DNA evidence a "neutral" postponement). To insist that a criminal defendant, regardless of his competency, must be tried within a strict window of time is simply not within the purview of the constitutional guarantee of a speedy trial and would not serve to protect the accused or guarantee a fair trial. The resulting inequities against the accused in such a circumstance would almost invariably result in an invalid trial or conviction. *See Dusky v. United States*, 362 U.S. 402, 403 (1960) (finding trial record insufficient to support a finding of competency and ordering a new trial).

Accordingly, the complaint must be dismissed for failure to state a claim. A separate Order follows.

December 3, 2018                          /s/
Date                                          Ellen L. Hollander
                                                United States District Judge